# NO. 12-21-00093-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALLEN DWIGHT SHEPPARD,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

A jury found Allen Dwight Sheppard "guilty" of aggravated assault with a deadly weapon. Appellant entered a plea agreement on sentencing and the trial court sentenced Appellant to twenty years in prison in accordance with the agreement. Appellant appealed.

The clerk's record has been filed and the trial court's certification states that Appellant waived the right of appeal. The certification is signed by Appellant and his counsel. *See* TEX. R. APP. P. 25.2(d). The record reflects that after Appellant reached an agreement with the State, the trial court asked what Appellant decided to do regarding an appeal. Appellant replied, "I'm good." Appellant's counsel subsequently stated, "He just said he did not want to appeal." The record contains no written waiver of appeal. Because the record was not entirely clear as to whether Appellant waived the right of appeal as to punishment only, this Court requested clarification of the trial court's certification. After a hearing on November 19, the trial court filed findings of fact, including the following:

> At his jury trial, after being found guilty but before the punishment phase began, Mr. Sheppard entered into an agreed sentence with the State.

> A condition of that agreement was the waiver of his right to appeal any phase of his case.

> Mr. Sheppard consented to the agreement and was sentenced by the court to terms consistent with the same.
>
> At the time he was sentenced, Mr. Sheppard and his attorney represented that they understood there was to be no appeal as part of the agreement and Mr. Sheppard stated he was "good" with that requirement.
>
> That this was the understanding of the parties and Mr. Sheppard was confirmed by all at the hearing held on 19 November….

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. *Id*. This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. Based on our review of the record, including the trial court's recent findings, the trial court's certification appears to accurately state that Appellant waived his right to appeal. *See* **Dears v. State**, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). Because the trial court did not grant Appellant the right to appeal his conviction, we *dismiss* the appeal.

Opinion delivered December 8, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 8, 2021**

**NO. 12-21-00093-CR**

**ALLEN DWIGHT SHEPPARD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0804-20)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*